**STATE of Iowa, Appellant,**

v.

**Louis JACKSON, Appellee.**

No. 65874.

Supreme Court of Iowa.

Feb. 17, 1982.

Eugene J. Kopecky, Linn County Atty., and Mona Knoll, Asst. County Atty., for appellant.

Louis Jackson, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, ALLBEE, and McGIVERIN, JJ.

HARRIS, Justice.

The State appeals with permission from a trial court ruling which sustained defendant's motion to suppress. By that ruling the State would be prohibited from offering evidence showing the defendant had no valid driver's license. The challenged evidence was obtained after the driver had been stopped in the mistaken belief his car had no proper registration. We reverse the trial court.

Defendant's car was stopped by a sheriff's deputy because it bore no license plates (a violation of section 321.37, The Code 1979). Upon being alerted to the reasons for the stop, defendant directed the officer's attention to a properly displayed department of transportation paper plate. See section 321.25, The Code. Defendant could not however produce a valid driver's license when requested and admitted to the officer he did not have a license and was under suspension.

When this fact was confirmed by the department of transportation the defendant was charged with operating a motor vehicle while his license was under suspension in violation of section 321A.32, The Code (motor vehicle financial responsibility). Defendant then filed, and the trial court sustained, a motion to suppress the evidence on the ground it was unconstitutionally obtained in an illegal search.

According to the ruling challenged here the officer could stop defendant's vehicle only upon an "articulate and specific reason to believe criminal activity is afoot." The parameters of constitutional stops of motor vehicles to check for vehicle registration and driver's licenses were explained in *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). All that *Prouse* requires is an articulable and reasonable suspicion that the motorist is unlicensed or that the vehicle being stopped is unregistered [or that the vehicle or the occupant is otherwise subject to seizure for a law violation]. 440 U.S. at 661, 99 S.Ct. at 1400, 59 L.Ed.2d at 672. Nothing in *Prouse*, or in our holding in *State v. Hilleshiem*, 291 N.W.2d 314, 317–18 (Iowa 1980), prohibits a stop when there are reasonable grounds to believe a vehicle is not properly registered.

The stop of defendant's vehicle was not a random or selective stop. His vehicle did not have license plates displayed. This failure would ordinarily be a violation of section 321.37, The Code. When the department of transportation paper plates were pointed out to the officer there arose no requirement that he treat the defendant as if he had never seen him. Section 321.174, The Code, requires all persons operating a motor vehicle upon a highway in the state to have immediate possession of a valid operator's license, and to display the same upon the demand of a peace officer. Notwithstanding the fact that a mistake concerning the license plates led to the defendant's stop there was nothing illegal about the fact that, once he was stopped and exonerated, he was asked to display his operator's license.

Evidence that he had no such license should not have been suppressed. The ruling of the trial court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.