**STATE of Iowa, Appellee,**

v.

**Scott MELOHN, Appellant.**

No. 93–1057.

Supreme Court of Iowa.

April 4, 1994.

Linda Del Gallo, State Appellate Defender, and Rachele Braverman Hjelmaas, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Anthony Janney, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

PER CURIAM.

On February 13, 1993, at approximately 10:30 p.m., Waterloo police officers Robert Hewitt and Jeffery Harrington had just finished an investigatory call and were walking back to their car when they heard five shots to the west. The officers got into their squad cars and proceeded to the area where they thought they heard the gunshots. The officers observed a red pickup truck driven by the defendant, Scott Melohn, traveling west to east through the intersection where the officers were stopped.

At trial, Officer Hewitt testified he believed the truck to be traveling at a speed of thirty-five miles per hour in a twenty-five-mile-per-hour zone, based on his view of the truck. He further testified that he and Harrington decided to conduct a stop based on the truck's speeding in an area where they heard gunshots. The officers stopped the truck, explained the reason for the stop, and asked for Melohn's consent to search it. Me-

lohn told the officers he had been at Casey's 218 Tap and was not involved in any gunfire. The officers did not find any weapons, but did find several opened and unopened beer cans. Melohn failed three sobriety field tests and provided a breath sample that measured .17 blood alcohol content. The officers subsequently arrested Melohn for driving while intoxicated.

On April 21, 1993, the district court overruled Melohn's motion to suppress the evidence seized as a result of the stop. Melohn filed a waiver of his right to jury trial and stipulated facts were submitted to the district court. The court found Melohn guilty as charged and sentenced him to serve seven days in jail. The sentence was suspended, and Melohn was placed on self-probation for a period of one year and ordered to attend a drunk driving course. Melohn was also fined $500. Melohn has appealed.

■ Melohn argues the district court erred in overruling his motion to suppress since the officers did not have reasonable cause to stop his vehicle and that all evidence obtained was a result of a warrantless search and seizure. When confronted with an alleged constitutional violation, we resolve the issue by making our own independent evaluation of the totality of the circumstances. *State v. Richardson*, 501 N.W.2d 495, 496 (Iowa 1993).

■ Iowa law is well settled that the police may stop and briefly detain a person for investigative purposes if the officer has reasonable cause to believe a crime may have occurred. *Id.* at 496. While circumstances giving rise to suspicion will not suffice, an officer may make an investigatory stop with considerably less than proof of wrongdoing by a preponderance of the evidence. *Id.* (citing *United States v. Sokolow*, 490 U.S. 1, 8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989)). A mistaken basis for the stop will not necessarily make the stop invalid. *State v. Jackson*, 315 N.W.2d 766, 767 (Iowa 1982). The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot. 3 Wayne La-

Fave, *Search and Seizure* § 9.3(b), at 432 (1987).

■ In the present case, the officers heard gunshots in the immediate vicinity to the west. Moments later, the officers observed Melohn's truck speeding through an intersection coming from the direction the officers heard gunshots and stopped him. They explained why they stopped him. Melohn consented to a search of the vehicle. While the search did not reveal any weapons, the officers noted that Melohn smelled of alcohol and his speech was slurred. The officers also found several opened and unopened beer cans inside the truck.

Based on these facts, we believe it was reasonable for the officers to stop Melohn's truck, and having heard shots, it was reasonable to conclude that the person or persons in the vehicle may have been armed and dangerous. Although no Iowa case has directly addressed whether the sound of gunfire quickly followed by the officers' observation of a vehicle racing away from the scene constitutes reasonable cause, decisions from other jurisdictions support our conclusion that the officers had reasonable cause to stop Melohn's vehicle. *See United States v. Henning*, 906 F.2d 1392, 1395–96 (10th Cir.1990) (police had reasonable cause to stop defendant's vehicle emerging from the general vicinity where the police heard gunshots); *State v. Brown*, 232 Neb. 224, 439 N.W.2d 792, 795–96 (1989) (felony stop upheld when officers observed defendant's car in the vicinity where gunshots were heard); *Faulkner v. State*, 727 S.W.2d 793, 796 (Tex.App.1987) (investigatory stop of defendant's vehicle reasonable when police officers heard gunshots and moments later observed defendant's vehicle make a sharp U-turn in the same vicinity where the gunshots were heard).

Given all the circumstances, because the initial stop was valid, we believe the motion to suppress evidence derived from this encounter was properly overruled. We affirm the judgment of the district court.

AFFIRMED.