STATE of Iowa, Appellee,

v.

Jose Luis De DIOS, Appellant.

No. 94–1625.

Court of Appeals of Iowa.

Sept. 22, 1995.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General; Roxann M. Ryan, Assistant Attorney General; and William Byers, County Attorney, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

DONIELSON, Chief Judge.

The defendant, Jose De Dios, appeals a judgment and sentence entered following his conviction of operating while intoxicated, first offense. He contends the district court erred in finding the police officer had reasonable cause to stop his vehicle and in overruling his motion to suppress. We affirm.

 When confronted with an alleged constitutional violation, we resolve the issue by making our own independent evaluation of the totality of the circumstances. *State v. Melohn*, 516 N.W.2d 24, 25 (Iowa 1994). Police may stop and briefly detain a person for investigative purposes if the officer has reasonable cause to believe a crime may have occurred. *Id.* "While circumstances giving rise to suspicion will not suffice, an officer may make an investigatory stop with considerably less than proof of wrongdoing by a preponderance of the evidence." *Id.* A mistaken basis for the stop will not necessarily make the stop invalid. *Id.* The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot. *Id.*

Officer James stopped the defendant's vehicle on June 5, 1994, because he thought it was being driven in violation of Iowa's vehicle registration laws. The vehicle, a Nova, had California license plates and the defendant was the registered owner of the car.

Officer James had seen the vehicle in Perry, Iowa, since the beginning of May and had observed it traveling back and forth to IBP on numerous occasions.

Officer James had stopped the Nova a week to two weeks before the June 5 stop. He had stopped the vehicle on the earlier date because the driver was not wearing a seat belt. The driver at that time was not the defendant but was a man named Francisco Mora. Mora informed the officer the defendant owned the car, had been in Perry since the beginning of May, and worked at IBP. The officer instructed Mora to tell the registered owner that if he was working at IBP and had established a residency in Iowa, he needed to have Iowa license plates on his car plates.

At the time of the June 5 stop of the defendant's vehicle, Officer James believed the defendant had been in Perry for more than thirty days, was residing at a local trailer court, and was working at IBP. Since the vehicle still bore California license plates, he stopped it for a possible registration violation.

It is a misdemeanor for an owner to allow his vehicle to be driven when it is not registered in accordance with the laws of the state of Iowa. Iowa Code § 321.17 (1993).[1] Every motor vehicle is subject to Iowa's registration laws unless exempted by statute. *See* Iowa Code § 321.18. Nonresident owners are generally exempted from Iowa's registration laws. *See* Iowa Code § 321.53. However, some nonresident owners are required to register their vehicles if they are employed within the state of Iowa and do not commute from another state and are not engaged in seasonal or temporary employment not exceeding ninety days in duration. *See* Iowa Code § 321.55.[2]

---

1. All statutory citations are to the Iowa Code of 1993.

2. A nonresident owner or operator engaged in remunerative employment within the state or carrying on business within the state and owning or operating a motor vehicle, trailer, or semitrailer within the state shall register each such vehicle and pay the same fees for registration as are paid for like vehicles owned by residents of this state. However, this para-

graph does not apply to a person commuting from the person's residence in another state or whose employment is seasonal or temporary, not exceeding ninety days.
A nonresident owner of a motor vehicle operated within the state by a resident of the state shall register the vehicle and pay the same fees for registration as are paid for like vehicles owned by residents of this state. However, this paragraph does not apply to vehicles being

In applying Iowa's motor vehicle laws, there is a rebuttable presumption a natural person is a resident of the state if the person "resides or has continuously remained in this state for a period exceeding thirty days except for infrequent or brief absences" or if the person "has accepted employment or engages in any trade, profession, or occupation within this state, except as provided in section 321.55." Iowa Code § 321.1A(6), (7). The district court relied on this presumption in concluding Officer James had reasonable grounds to stop the defendant's vehicle. At the time he stopped the defendant's vehicle, the officer had knowledge that the defendant had been in Perry since early May and was employed at IBP. Both his presence in the state for more than thirty days and his employment at IBP gave rise to a presumption he was a resident. Given that knowledge, the officer had a reasonable and articulable suspicion the defendant's vehicle was not properly registered. The district court was correct in denying the defendant's motion to suppress.

**AFFIRMED.**

operated by residents temporarily, not exceeding ninety days. It is unlawful for a resident to operate within the state an unregistered motor vehicle required to be registered under this paragraph.
Iowa Code § 321.55.