STATE of Iowa, Appellee,

v.

Edgar Lee ANDREWS, Appellant.

No. 04–0937.

Supreme Court of Iowa.

Nov. 4, 2005.

494

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, John P. Sarcone, County Attorney, and Linda K. Zanders, Assistant County Attorney, for appellee.

CARTER, Justice.

Edgar Lee Andrews, who was convicted of driving while barred in violation of Iowa Code section 321.561 (2003), appeals, challenging the legality of the investigatory stop that led to the discovery of his violation. He also asserts that his trial counsel was ineffective in not challenging hearsay statements that were included in the stipulated record and that that record was insufficient to support a finding of guilt. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

The criminal prosecution was tried to the court based on the evidence contained in the minutes of testimony attached to a trial information charging defendant with violating Iowa Code section 321.561. Prior to the submission of the case, defendant had filed a motion to suppress the evidence of his unauthorized driving on the ground that the investigatory stop that revealed it was illegally instituted. The district court denied that motion.

## I. *The Ruling on the Motion to Suppress.*

The motion to suppress had alleged that (1) defendant had been pulled over for "improper vehicle registration," (2) the arresting officer reported that defendant had an "in transit" sign on his rear window,

and (3) Iowa Code section 321.25 authorizes the operation of motor vehicles without license plates for a period of forty-five days if the vehicle has a "temporary card" attached. In addition, the motion stated that the only reason given by the officer for stopping the vehicle was the existence of the "in transit" sign on the rear window.

The record made in support of defendant's motion to suppress was very brief and consisted entirely of the following:

[DEFENDANT'S COUNSEL]: We have previously filed a Motion to Suppress in this case claiming that there was no reasonable suspicion or probable cause to pull Mr. Andrews over, and we had set this matter for hearing today at this time.

Your Honor, between the time we filed the motion and today's date there are several cases—State versus Ross, Your Honor, was one of the cases that we provided to the Court. There's another case, State versus, I believe, Jackson. And Finally, Your Honor, a case, State versus Johnson.

THE COURT: Johnson?

[DEFENDANT'S COUNSEL]: And it's a Westlaw cite, Your Honor, 2002 W.L. 575936. It's an unreported decision by the Iowa Court of Appeals. Ms. Zanders [the prosecuting attorney] found this case, Your Honor. I thought there was some adverse authority out there, but it seems to be controlling.

So at this time, Your Honor, what we would do is propose to stipulate to the fact that the reason my client was pulled over on the date in question is because he had a temporary paper plate in his vehicle and that's the reason he was stopped. We are prepared to stipulate to that underlying fact, assuming Ms. Zanders is willing to do so.

MS. ZANDERS [The prosecuting attorney]: The State is in agreement with that, Your Honor.

[DEFENDANT'S COUNSEL]: Your Honor, based on the cases that we have supplied the Court, including the case of State versus Johnson, which appears to be controlling in this matter, we'd ask the Court to go ahead and issue a ruling based on the Court of Appeals' decision in Johnson, even though I realize that is adverse to my client's interest at this time. I think we're obligated to point those issues out to the Court.

. . . .

THE COURT: ... The Court notes that State v. Johnson appears to be directly on point. That's the Iowa Court of Appeals case cite as 2002 Westlaw 575936. In this case there was the paper plate in the rear window. The officer had a reasonable basis to stop the vehicle, and once stopped the officer would have been proper to determine whether or not the driver was a licensed driver or not.

Therefore, the defendant's motion is overruled.

This court has previously determined in *State v. Lloyd*, 701 N.W.2d 678 (Iowa 2005), and *State v. Jackson*, 315 N.W.2d 766 (Iowa 1982), that a valid investigatory stop may be made to check the registration of a motor vehicle being operated without license plates. Although in those cases a temporary paper registration plate was displayed in the vehicle's rear window, the officer had not noticed the presence of the temporary registration prior to initiating the stop. We held in each of those cases that the officer's inability to detect the temporary registration was an objectively reasonable mistake and the stop based on the absence of a license plate was not only based on reasonable suspicion but in fact was premised on probable cause.

*Lloyd,* 701 N.W.2d at 681; *Jackson,* 315 N.W.2d at 767.

■ The rather sketchy record in the present case reveals that the officer who initiated the motor vehicle stop had noticed an "in transit" sign on the vehicle's rear window prior to stopping the car. In reviewing district court rulings on motions to suppress, we may consider both the evidence presented during the suppression hearing and that introduced at trial. *State v. Bowers,* 656 N.W.2d 349, 352 (Iowa 2002); *State v. Jackson,* 542 N.W.2d 842, 844 (Iowa 1996). The stipulated bench trial record embraced the minutes of testimony attached to the trial information "including police reports if they [were] attached to the . . . charge." A police report attached to the minutes of testimony stated:

> On 3–2–04 I witnessed a red Chevy Blazer with an "in transit" sign on its rear window. I conducted a traffic stop on said vehicle in the 3500 blk of Grand. I approached the vehicle and advised the male driver, later identified as E. Andrews, that I had stopped him because he did not have any plates on his vehicle. Andrews advised his wife had recently purchased the vehicle and then showed me a title with signature of a Betty Andrews as the purchaser, in mid-February 2004. I then asked Andrews for his driver's license. Andrews stated he did not have a driver's license due to previously being under suspension. A check through dispatch showed Andrews to be barred for habitual violator.

We consider the foregoing narrative in reviewing the district court's ruling on the motion to suppress.

In the unpublished decision of the court of appeals in *State v. Johnson,* No. 01–1053, 2002 WL 575936 (Iowa Ct.App. Mar.13, 2002), on which the district court relied, the officer conducting the investigatory stop had noticed a properly displayed temporary registration plate but stopped the vehicle for purposes of verifying that the identification on the temporary registration corresponded to the vehicle on which the registration had been placed. In upholding the stop, the court stated:

> While the officer initially determined that the paper license plate was properly displayed, he needed to see the title in order to "make sure the title matched the paper tag in back" and was not issued for another vehicle. This was a valid purpose for detaining Johnson.

The court of appeals' recognition of carte blanche authority on the part of the officer to conduct investigatory stops for purposes of verifying temporary registration documents must be reconciled with the controlling constitutional standard laid down in *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). In that case, the Court held:

> [E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment.

*Prouse,* 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673. In the face of this very clear pronouncement on the application of the Fourth Amendment to vehicle registration checks, we entertain doubt concerning the validity of random stops of motor vehicles properly displaying valid temporary registration cards issued pursuant to Iowa Code section 321.25 that were observed by the officer before the stop was initiated. However, even if we assume that a stop made under those circum-

stances would not be valid, that does not aid defendant in the present case.

■ The statutory provision for temporary cards authorizing vehicle operation on the highways while application for registration is pending provides as follows:

A vehicle may be operated upon the highways of this state without registration plates for a period of forty-five days after the date of delivery of the vehicle to the purchaser from a dealer if a card bearing the words "registration applied for" is attached on the rear of the vehicle. The card shall have plainly stamped or stenciled the registration number of the dealer from whom the vehicle was purchased and the date of delivery of the vehicle.... A dealer shall not issue a card unless an application for registration and certificate of title has been made by the purchaser and a receipt issued to the purchaser of the vehicle showing the fee paid by the person making the application.

Iowa Code § 321.25. Defendant's motion to suppress did not assert that the vehicle he was driving displayed a card that had been issued by a dealer and which contained the information required by statute. The motion simply recited that the arresting officer had reported that defendant had an "in transit" sign on his rear window. No evidence was presented at either the suppression hearing or at trial concerning the information displayed on this card.

Although the stipulation on which the motion to suppress was submitted states that the reason defendant was pulled over was because he had a temporary paper plate on his vehicle, our analysis must be based on an objective assessment of all of the facts rather than the subjective motivation of the officer. *State v. Heminover*, 619 N.W.2d 353, 360–61 (Iowa 2000). Because there is no evidence suggesting that a reasonable police officer observing the card in the window would conclude the "in transit" sign complied with the requirements of section 321.25, the district court did not commit error in denying the motion to suppress.

## II. *The Ineffective–Assistance–of–Counsel Claim.*

■ Defendant urges that, in stipulating to the submission of the case on the minutes of testimony attached to the trial information, his counsel breached an essential duty and caused him prejudice by not objecting to "bald assertions" of defendant's alleged barred driving status. Defendant contends that this evidence was properly excludable on both hearsay and confrontation-clause grounds.

■ We find no breach of duty by defendant's trial counsel in the manner alleged. The record made on the submission of the case was as follows:

[DEFENDANT'S COUNSEL]: Your Honor, ... [t]he record should reflect we previously filed a Motion to Suppress on the new Driving While Barred charge. Your Honor, that matter was heard before Judge Price. For the purposes of the record we discovered an unpublished Court of Appeals case which is on point. Judge Price overruled our Motion to Suppress, however, there was a warrant out for the revocation and he has been incarcerated since that date.

Your Honor, we are proposing today, in order to preserve the issue on the Motion to Suppress, we will stipulate to the Minutes of Testimony and the underlying facts including police reports if they are attached to the new charge. We understand the Court will enter a finding of guilty in this particular case, and of course, that would also be grounds to revoke or enter appropriate

orders in his revocation hearing. We are willing to waive time and ask the Court to proceed and waive time for sentencing.

In responding to ineffective-assistance claims, we measure the attorney's performance by standards of reasonableness consistent with prevailing professional norms. *State v. Kress,* 636 N.W.2d 12, 20 (Iowa 2001); *Ledezma v. State,* 626 N.W.2d 134, 142 (Iowa 2001). We presume competency and avoid second-guessing and hindsight. *Kress,* 636 N.W.2d at 20. Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel. *State v. Oetken,* 613 N.W.2d 679, 683–84 (Iowa 2000); *Wemark v. State,* 602 N.W.2d 810, 814 (Iowa 1999). It is clear from the foregoing colloquy that counsel's decision to stipulate to the record was a tactical one designed to avoid the waiver that would exist from a plea of guilty. Defendant may not now challenge that tactical decision by claiming that his counsel was ineffective.

### III. *Sufficiency of the Evidence.*

■ Defendant urges that the evidence contained in the stipulated record was insufficient to support the alleged driving-while-barred status. He states in this regard:

> The minutes of testimony contain the unsupported claim that the Assistant Director of the Driver's License Division of the Department of Transportation would testify regarding the records supporting the barred status in question. But none of those records appear in the court file.

We are satisfied that the evidence contained in the stipulated record was sufficient to support the finding of the district court beyond a reasonable doubt that the defendant was operating a motor vehicle while his license was barred. The synop-

sis of the testimony expected from the assistant director of the driver's license division of the department of transportation was as follows:

> That he is the Assistant Director of the Driver's License Division of the Department of Transportation; that he has the care, custody and control of the above-named defendant's driving record; that he examined the record of the Defendant in the Department of Transportation and found that his/her privileges of operating a motor vehicle were barred....

Although his evidence was undoubtedly hearsay, defendant's agreement to include this evidence in the record gave the district court license to accept the described testimony as a verity irrespective of whether the actual records of the agency were included in the stipulated record. *See State v. Johnson,* 272 N.W.2d 480, 483 (Iowa 1978) (failure to object operates as a waiver of any improprieties in witness testimony); *State v. Harmon,* 238 N.W.2d 139, 143 (Iowa 1976) (same); *State v. Hall,* 235 N.W.2d 702, 727 (Iowa 1975) (same).

We have considered all issues presented and conclude that the judgment of the district court must be affirmed.

**AFFIRMED.**