# IN THE SUPREME COURT OF IOWA

No. 15–0321

Filed September 16, 2016

**STATE OF IOWA,**

    Appellee,

vs.

**TERMAINE DESHAWN TOLES,**

    Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

The defendant challenges his sentence on the ground that the sentencing judge should have recused himself from the proceedings. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget Chambers, Assistant Attorneys General, Linda Fangman, County Attorney, and Peter Blink, Assistant County Attorney, for appellee.

**PER CURIAM.**

Termaine Deshawn Toles pled guilty to carrying weapons, an aggravated misdemeanor, in violation of Iowa Code section 724.4(1) (2013). At his sentencing hearing, the judge made the following remarks:

> All right. Mr. Toles, I used to sit in Mr. Blink's shoes. I used to sit as a prosecutor and do the gun crime, and I can tell you your name is a name that has come across my desk as both a prosecutor and a judge for a long time. I am not— your name is not unfamiliar to me. The fact that I know your middle name is not a good thing.
>
> . . . .
>
> . . . And not that I gauge individuals, but I do have a tendency to recognize when I know somebody's middle name, it tells me I have been—I have been confronted with their name or presented with their name far, far too many times.

In this appeal, Toles claims the judge should have sua sponte recused himself from the matter based on his prior familiarity with Toles. In the alternative, Toles claims his counsel was ineffective for not requesting the judge recuse himself from the matter for the same reason.

We transferred the case to the court of appeals. The court of appeals affirmed Toles's sentence, reasoning that Toles did not establish the judge was required to recuse himself because the record contains no information concerning the exact nature of the judge's prior involvement with Toles. The court of appeals noted that even if the record had established the judge had previously prosecuted Toles in an unrelated matter, the mere fact of that prior prosecution, standing alone, would not establish that the judge was required to recuse himself. Rather, to establish the judge was required to recuse himself, Toles needed to demonstrate the judge was biased or prejudiced against him. In this case, the court of appeals concluded the judge's remarks merely revealed

that he had a level of familiarity with Toles and did not reveal bias or prejudice against Toles. We agree with this analysis and affirm the sentence for the reasons stated in the portion of the court of appeals decision addressing Toles's claim that the judge should have recused himself.

The court of appeals also concluded Toles's counsel was not ineffective for failing to file a motion for recusal at the sentencing hearing. However, an appellate court can resolve a claim of ineffective assistance of counsel on direct appeal only if the record is adequate. *State v. Ary*, 877 N.W.2d 686, 704 (Iowa 2016). We conclude that the record on direct appeal in this case is inadequate to determine whether Toles's counsel was ineffective for failing to file a motion for recusal at the sentencing hearing. Had counsel made a timely motion for recusal, counsel could have requested a hearing at which Toles may have learned additional facts regarding any bias or prejudice the judge might have had towards Toles. Because we cannot determine whether Toles's counsel was ineffective on this record, we leave his ineffective-assistance-of-counsel claim for another day.

Accordingly, we affirm the portion of the court of appeals decision affirming the judgment and sentence of the district court on the ground that the judge was not required to recuse himself and vacate the portion of the court of appeals decision concluding Toles's counsel was not ineffective.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall be published.