# IN THE COURT OF APPEALS OF IOWA

No. 16-0286
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LIOSVANY J. RODRIGUEZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve (guilty plea) and Nancy S. Tabor (sentencing), Judges.

Defendant appeals his conviction for ongoing criminal conduct. **AFFIRMED.**

Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

Liosvany Jorge Rodriguez appeals his conviction for ongoing criminal conduct. We find there is insufficient evidence in the record to address Rodriguez's claim he received ineffective assistance on the ground defense counsel did not adequately advise him about the immigration consequences of his guilty plea. We affirm Rodriguez's conviction.

Rodriguez was charged with ongoing criminal conduct, identity theft, and five counts of credit card fraud. He entered into a plea agreement in which he agreed to plead guilty to ongoing criminal conduct, in violation of Iowa Code section 706A.2(4) (2015), and the State agreed to dismiss the remaining counts. Rodriguez was sentenced to a term of imprisonment not to exceed twenty-five years. After ninety days, the court suspended his sentence and placed him on probation. Rodriguez now appeals.

Rodriguez claims he received ineffective assistance because his defense counsel did not adequately advise him about the immigration consequences of his guilty plea. During the plea colloquy, the following exchange occurred:

> THE COURT: Do you understand, Mr. Jorge Rodriguez, that if you are not a United States citizen and you plead guilty today, that could affect your rights to remain here in the United States and subject you to detention or deportation?
> THE DEFENDANT: Yes.
> THE COURT: And you understand that you would have a right to contact your country's consulate?
> THE DEFENDANT: Yes.
> THE COURT: And you'd have a right to talk to your attorney about that as well?
> THE DEFENDANT: Yes.

> [Defense Counsel][1]: And that, in fact, we have spoken regarding your immigration consequences of this crime?
> THE DEFENDANT: Yes.
> THE COURT: So any questions on the immigration consequences?
> THE DEFENDANT: No, ma'am. I'm aware of them.

At the sentencing hearing, defense counsel stated Rodriguez came to the United States from Cuba in 2013 without permission but subsequently obtained a green card, which permitted him to stay in the United States indefinitely. Rodriguez claims due to his conviction for ongoing criminal conduct he might be deported and barred from reentering the United States. He states defense counsel did not fully apprise him of the likelihood this would occur. He claims he would not have pled guilty to ongoing criminal conduct if he had been aware of the immigration consequences of his plea.

In *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), the United States Supreme Court held defense counsel should advise a criminal defendant of the possible risk of immigration consequences for a guilty plea. *See also State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015) (discussing *Padilla*). In the present case, there is evidence Rodriguez discussed the immigration consequences of his guilty plea with defense counsel but there is no evidence as to the advice he received.

We may resolve a claim of ineffective assistance of counsel on direct appeal only if the record is adequate. *State v. Toles*, 885 N.W.2d 407, 408 (Iowa 2016). We determine the record in this case is inadequate to address the issue

---

[1]  In the transcript, this question is attributed to the defendant but it is clear from the context it is not the defendant speaking. From the substance of the question, we assume it was defense counsel, rather than the court speaking.

raised on appeal.  Therefore, we find the issue must be preserved for possible postconviction proceedings.

We affirm Rodriguez's conviction.

**AFFIRMED.**