## IN THE COURT OF APPEALS OF IOWA

No. 16-0688
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIFFANY LYNN VANDEKROL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Paul R. Huscher (motion to suppress) and Bradley McCall (trial), Judges.

A defendant appeals her felony drug conviction based on evidence seized during a traffic stop. **REVERSED AND REMANDED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Defendant Tiffany Vandekrol challenges the district court's denial of her motion to suppress evidence seized during a traffic stop of the vehicle she was driving. She seeks reversal of her felony drug conviction because the seizure of contraband resulted from an unconstitutional detention. Police stopped the vehicle to investigate whether the registered owner, a male, was driving while his license was suspended. Relying on *State v. Jackson*, 315 N.W.2d 766, 767 (Iowa 1982), the district court found the officer was entitled to ask Vanderkrol for her license even though she was obviously not the registered owner. On appeal, Vanderkrol argues *Jackson* should be overruled. The State defends the suppression ruling solely on the viability of *Jackson*.

Our supreme court recently overruled *Jackson* in *State v. Coleman*, ___ N.W.2d ___, ___, 2017 WL 541063, at *16 (Iowa 2017) ("We conclude that when the reason for a traffic stop is resolved and there is no other basis for reasonable suspicion, article I, section 8 of the Iowa Constitution requires that the driver must be allowed to go his or her way without further ado."). Because *Coleman* governs Vanderkrol's circumstances, we conclude the district court erred in denying the motion to suppress. All evidence obtained after the unconstitutional detention should be excluded. We remand for further proceedings consistent with this opinion.[1] *See* Iowa Ct. R. 21.26(1)(c).

**REVERSED AND REMANDED.**

---

[1] Because we have ruled the motion to suppress should have been granted based on the illegal detention, we need not address Vanderkrol's second issue, alleging an improper impound and inventory.