# IN THE COURT OF APPEALS OF IOWA

No. 16-1304
Filed May 17, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARA L. WELCH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris (suppression) and James D. Coil (sentencing), District Associate Judges.

The defendant appeals her conviction for operating while intoxicated, first offense. **AFFIRMED.**

Gerald J. Kucera, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge**

A Hudson police officer initiated a traffic stop after conducting a license plate check that showed the seventy-seven-year-old registered owner of the vehicle had an expired driver's license. As the officer approached the vehicle, he was able to determine the driver was not the registered owner based upon the younger age of the driver. The driver of the vehicle was the defendant, Lara Welch, the registered owner's daughter. Although the officer determined the driver of the vehicle was not the registered owner, he engaged with the driver, developed reasonable suspicion the driver was intoxicated, and ultimately arrested the driver for operating while intoxicated.

Welch was charged with operating while intoxicated, first offense. Welch moved to suppress the evidence resulting from the stop, contending the officer lacked reasonable suspicion to continue the traffic stop after determining Welch was not the registered owner of the vehicle. The district court denied the motion to suppress, relying on *State v. Jackson*, 315 N.W.2d 766 (Iowa 1982). Welch subsequently pleaded guilty, thereby waiving any challenge to her motion to suppress. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). Welch timely filed this appeal.

After Welch filed this appeal, the supreme court decided *State v. Coleman*, 890 N.W.2d 284 (Iowa 2017). In that case, the court held "that under the search and seizure provision of article I, section 8 of the Iowa Constitution, [a traffic] stop must end when reasonable suspicion is no longer present." *Coleman*, 890 N.W.2d at 285. In reaching that holding, the court overruled

*Jackson. See id.* at 301 ("As indicated above, it is not clear whether *Jackson* was a Fourth Amendment or article I, section 8 case. In any event, to the extent that *Jackson* is inconsistent with our holding today, we overrule it."). *Coleman* was a substantial change in our search and seizure law. As noted by Justice Waterman:

> Until today, a police officer who lawfully stopped a motorist could ask to see his or her driver's license, especially when the officer knew the driver was not the car's registered owner. Almost all Iowans, I believe, would find this activity completely unobjectionable and, indeed, mundane. But not the majority. Instead, our court has determined that this act of routine traffic enforcement violates the search and seizure provision of the Iowa Constitution. The United States Supreme Court reached the opposite conclusion under the Fourth Amendment in 2015. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015).
>
> To get to its result, the majority overrules another one of our established search and seizure precedents. In *State v. Jackson,* we correctly decided a quarter century ago that the constitution does not require an officer who lawfully stops a vehicle to "treat the [driver] as if he had never seen him." 315 N.W.2d at 767. Rather, after dispelling the original purpose for the stop, the officer could perform the minimally intrusive step of checking the driver's license, which Iowa drivers are required by statute to carry and display upon an officer's request. *Id.*; see also Iowa Code § 321.174(3) (2013) ("A licensee shall have the licensee's driver's license in immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a . . . peace officer . . . ."). I would affirm Mr. Coleman's conviction for driving while barred by following our commonsense decision in *Jackson* and United States Supreme Court precedent explicitly allowing officers to check the driver's license, vehicle registration, and proof of insurance as part of the routine mission of any traffic stop.

*Id.* at 301–02 (Waterman, J., dissenting).

Welch now contends her trial counsel was ineffective for allowing her to plead guilty and waive her suppression challenge. We can "resolve a claim of ineffective assistance of counsel on direct appeal only if the record is adequate." *State v. Toles*, 885 N.W.2d 407, 408 (Iowa 2016). While we have strong doubt

Welch would be able to prove her counsel was ineffective in allowing Welch to plead guilty and thereby waive a challenge to previously unassailable case law, she should be able to establish a record relating to her claim under the circumstances presented. We therefore affirm the defendant's conviction and preserve her claim of ineffective assistance of counsel for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (determining a court "must preserve" an ineffective-assistance claim if the record is inadequate to address it on direct appeal).

**AFFIRMED.**