# IN THE COURT OF APPEALS OF IOWA

No. 15-1933
Filed June 7, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL SCOTT SHECKLES,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.


        Michael Sheckles appeals from his convictions for domestic abuse assault (second offense), driving while barred, and eluding.  **AFFIRMED.**


        Taryn R. Purcell of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A woman's live-in boyfriend assaulted her in her truck and led police on a high-speed chase before crashing the vehicle. A jury found Michael Sheckles guilty of domestic abuse assault (second offense), driving while barred, and eluding. Sheckles contends (I) the district court should have granted his new trial motion, alleging the State failed "to meet its burden of proving that he was the assailant," and (II) his trial attorneys were ineffective in "failing to address the issue of the trial judge's conflict of interest."

## I.    *New Trial Motion*

Several witnesses saw a man beating a woman inside a vehicle and saw the woman exit the vehicle with a bloodied face. One witness identified the assailant as Sheckles and also identified him as the person who drove off in the vehicle, but her trial testimony was impeached with her inconsistent prior statement that she could not recall the assailant's identity.

After the jury found Sheckles guilty, Sheckles moved for a new trial. He asserted the witness's "testimony was, at best, inconsistent with her prior sworn statement," "[n]one of the [other] witnesses was able to identify [him] as the assailant," and "[t]here was no credible evidence that [he] was the assailant and/or driver." The district court denied the motion.

On appeal, Sheckles contends the district court abused its discretion in denying the motion. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (noting district courts have wide discretion in ruling on new trial motions challenging the weight of the evidence). He characterizes the record as containing "just one identifying witness with varying version[s] of events." Based on this

characterization, he argues "there was not more credible evidence in favor of a guilty verdict than there was for a not-guilty verdict."

A verdict is indeed contrary to the weight of the evidence where "a greater amount of credible evidence supports one side of an issue or cause than the other." *See id.* at 658 (quoting *Tibbs v. Florida*, 457 U.S. 31, 38 (1982)). On appeal of a district court ruling addressing a weight-of-the-evidence challenge, we are not called upon to review the underlying question of whether the verdict is against the weight of the evidence. *See State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). We simply review the exercise of discretion by the district court. *Id.* With that principle in mind, we begin with the district court's findings, which are at odds with Sheckles' characterization of the record.

The court determined the demeanor and testimony of the arguably inconsistent witness "was actually more consistent with other evidence submitted" and her deposition testimony "was more likely the testimony that [was] questionable given the previous contacts and contextual pressures of testifying against a neighbor." The court found this witness's trial testimony "credible."

The record supports the court's determination that the inconsistent witness was not the only person to identify Sheckles. Although she was the only person who named him, several other witnesses testified to facts that left little doubt the assailant was Sheckles and that the driver of the vehicle involved in the chase was also Sheckles.

Police officers testified they responded to the girlfriend's house following three 911 reports of an assault. They found and spoke to the bleeding and crying girlfriend. According to a corporal with the Dubuque police department,

she said she "and her live-in boyfriend, Mr. Sheckles, had been involved in an argument in the back seat of her vehicle" and "[Sheckles] took her keys during the argument and then threw them at her causing the laceration underneath her eye." Another Dubuque police officer corroborated this conversation. Sheckles' girlfriend denied the conversation at trial, but the district court found this portion of her testimony "marred by long pauses and a less than confident tone." We will not second-guess this assessment. *See State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013) (stating appellate court does not sit to judge credibility of witnesses).

As for the facts underlying the remaining charges, a witness other than the challenged witness testified Sheckles "jump[ed] into" the truck and took off. Several witnesses other than the challenged witness described the ensuing chase.

In sum, other witnesses effectively identified Sheckles as the assailant and eluder, if not by name then by surrounding events. In light of this evidence, we conclude the district court's determination that the evidence did not "preponderate heavily against the verdict" was not "a clear and manifest abuse of discretion." *See id.* We affirm the court's denial of Sheckles' new trial motion.

## II.    *Ineffective Assistance of Counsel – Conflict of Interest*

Sheckles states the trial judge "served as assistant county attorney" before becoming a judge and, in that capacity, prosecuted him on a prior domestic assault charge. He claims the judge's involvement "creat[ed] the strong potential for bias." He asserts he raised the issue with his trial attorneys but they did not pursue it. After the court pronounced sentence, he "took it upon himself

to address the issue of the conflict of interest with the Court." He informed the judge, "You also were prosecuting attorney on a prior domestic. I think this should have been a change of venue. I don't think this is right at all." The district court responded, "Well, Mr. Sheckles, you didn't bring any of that up, so that's my sentence today."

On appeal, Sheckles claims the attorneys' failure to pursue a conflict-of-interest claim amounted to ineffective assistance of counsel. To prevail, Sheckles must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). We generally preserve ineffective assistance claims for postconviction relief where the record is inadequate to resolve the claim on direct appeal. *See State v. Toles*, 885 N.W.2d 407, 408 (Iowa 2016) (concluding record was "inadequate to determine whether [defendant's] counsel was ineffective for failing to file a motion for recusal at the sentencing hearing").

We find the record inadequate. Accordingly, we preserve Sheckles' conflict-of-interest claim for postconviction relief.

**AFFIRMED.**