# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 03-2686

——————

United States of America,      *
           *

       Appellee,      *

           *    Appeal from the United States
    v.            *    District Court for the
           *    District of Nebraska.

Moises Flores-Sandoval,      *
           *

       Appellant.      *

——————

Submitted: February 11, 2004

Filed: May 11, 2004

——————

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

——————

SMITH, Circuit Judge.

A Nebraska federal jury convicted Moises Flores-Sandoval of conspiracy to distribute and possession with intent to distribute more than 500 grams of methamphetamine. On direct appeal, Flores-Sandoval argues that the district court[1]

——————

[1] The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

erred in refusing to suppress evidence seized[2] from a vehicle during a traffic stop. We affirm.

On February 18, 2002, Flores-Sandoval was a passenger in a red Toyota with a California rear license plate. Officer Matthew Lippold of the Omaha Police Department stopped the vehicle because he believed that it did not have a front license plate–a requirement under California law.[3] It was later determined that the vehicle did in fact have a front license plate that was partially obscured from view because it had been mounted below the standard plate bracket.

Flores-Sandoval's sole argument on appeal is that Officer Lippold lacked probable cause to stop the car because the vehicle did in fact have both a front and rear license plate and was not in violation of California–or Nebraska–law. However, a mistake of fact does not automatically negate the validity of the stop. Officer Lippold was justified in making the stop if he had an objectively reasonable basis for believing that the vehicle was not in conformity with Nebraska's traffic laws. *United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999) ("The determination of whether probable cause existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time."). Thus, even if the Toyota was not technically in violation of the Nebraska statute, if Officer Lippold reasonably believed that the vehicle violated the statute, the stop was valid.

---

[2] Ultimately, after the driver of the vehicle had given his consent to search and a drug dog had alerted on the trunk, Officer Lippold discovered a hidden compartment in the Toyota's trunk containing eight bundles of methamphetamine.

[3] A California car is in violation of Nebraska law if it does not have both a front and rear license plate. Neb. Rev. St. § 60-328 (an out-of-state motor vehicle is in violation of Nebraska's law that requires a front and rear license plate if the state in which the car is registered requires a front and rear license plate.)

Officer Lippold testified that he saw an empty front license bracket and assumed that there was no license plate on the front of the car. If credited, Lippold's testimony shows he mistakenly believed that Flores-Sandoval's car did not have a front license plate, in violation of Nebraska law. There is nothing in the record before this court to call into question the credibility determination made by the district court that Officer Lippold believed he had probable cause to stop Flores-Sandoval's vehicle. Officer Lippold's mistake was one of fact, not of law. So, we now turn to the question of whether his mistake of fact was objectively reasonable.

Officer Lippold testified that he relied on a regular practice of observing oncoming traffic–via his rear view mirror–and observing the light that bounced off of the reflective surface on the front license plate of the approaching vehicle. His observation of the Toyota led him to conclude–after seeing no reflection from the front of the vehicle and an empty plate bracket–that the vehicle did not have a front license plate. These perceptions, although flawed, were sufficiently reasonable to provide probable cause to stop the vehicle in which Flores-Sandoval was traveling. Following the stop, Lippold obtained consent from the driver to search the vehicle, and Flores-Sandoval does not question the validity of the consent on appeal.

Therefore, because Officer Lippold had probable cause to stop the vehicle and subsequently obtained consent to search the vehicle, we conclude that all of the evidence seized during the traffic stop was admissible. Accordingly, we affirm the district court's denial of Flores-Sandoval's motion to suppress.

_____