STATE of Iowa, Appellee,

v.

**Walter Leroy LLOYD, Appellant.**

No. 04–0791.

Supreme Court of Iowa.

Aug. 5, 2005.

Thomas F. Webster of Nelson, Erbe & Webster, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and John C. Heinicke, Assistant County Attorney, for appellee.

PER CURIAM.

Walter Lloyd was convicted of operating while intoxicated in violation of Iowa Code section 321J.2 (2003). On appeal to the court of appeals, Lloyd argued that the district court erred in overruling his mo-tion to suppress evidence. The court of appeals affirmed, and we granted further review. We now affirm both the court of appeals decision and the judgment of the district court.

## I. *Facts and Prior Proceedings.*

At approximately 2:20 a.m. on November 26, 2003, Deputy Kenneth Pilch observed a car without permanent license plates traveling along Northeast 14th Street in Des Moines, Iowa. Deputy Pilch stopped the car, and when he approached the driver's side window, he noticed that the driver—defendant Walter Lloyd—had red, watery eyes and smelled of alcohol. When asked, Lloyd admitted he had consumed a couple of drinks that night. After failing three field sobriety tests, Lloyd was arrested and transported to jail, where Deputy Pilch invoked implied-consent procedures. A DataMaster test revealed that Lloyd had a blood-alcohol level of .225 (more than twice the legal limit), and he was subsequently charged with operating while intoxicated. *See* Iowa Code § 321J.2.

Before trial, Lloyd filed a motion to suppress evidence, alleging that Deputy Pilch lacked probable cause to make the initial traffic stop. Lloyd conceded that his vehicle did not have permanent license plates; however, he presented uncontroverted testimony that a valid temporary plate was taped to his car's rear window. Lloyd argued that, because he had a temporary plate and was not actually violating Iowa's license plate law, the traffic stop was not supported by probable cause and therefore violated his Fourth Amendment rights. The State argued in response that Deputy Pilch simply missed the temporary plate at the time of the stop and that such a mistake does not bar a finding of probable cause.

The district court rejected Lloyd's argument and overruled his motion, and Lloyd was subsequently convicted for operating while intoxicated. On appeal, the court of appeals affirmed. Now, on further review, Lloyd asserts that both the district court and the court of appeals erred.

## II. Standard of Review.

Because Lloyd contends that his constitutional rights have been violated, our review is de novo. *In re Detention of Hodges*, 689 N.W.2d 467, 470 (Iowa 2004).

## III. Probable Cause for the Initial Stop.

A. *Background Fourth Amendment principles.* The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. This amendment applies equally to state governments by way of the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090 (1961); *State v. Ceron*, 573 N.W.2d 587, 592 (Iowa 1997). If evidence is obtained in violation of the Fourth Amendment, it is inadmissible regardless of its relevancy or probative value. *State v. Heminover*, 619 N.W.2d 353, 357 (Iowa 2000), *abrogated on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n. 2 (Iowa 2001).

"When the police stop a car and temporarily detain an individual, the temporary detention is a 'seizure' within the meaning of the Fourth Amendment." *Heminover*, 619 N.W.2d at 357. "For this reason, '[a]n automobile stop is ... subject to the constitutional imperative that it not be "unreasonable" under the circumstances.'" *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89, 95 (1996)). We have noted, however, that "it is well settled that a traffic violation, however minor, gives an officer probable cause to stop a motorist." *State v. Aderholdt*, 545 N.W.2d 559, 563 (Iowa 1996).

B. *Can an officer's mistake of fact justify a traffic stop?* The primary issue presented in this case is whether a police officer may rely on his mistake of fact to justify a traffic stop.[1] Our precedent answers this question in the affirmative, and we see no reason to depart from it. *See, e.g., State v. Kinkead*, 570 N.W.2d 97, 101 (Iowa 1997) ("We have ... held [before] that a mistaken basis for a stop does not necessarily render the stop invalid, but is merely a factor to consider in the reasonable suspicion analysis."); *State v. Melohn*, 516 N.W.2d 24, 25 (Iowa 1994) (holding that it was reasonable for police to stop a vehicle speeding away from the vicinity of gunshots, even though the facts later showed the individual was not involved in

---

1. We note that some courts distinguish between officers' mistakes of fact and mistakes of law. *See, e.g., United States v. Miguel*, 368 F.3d 1150, 1153 (9th Cir.2004) ("We have distinguished between mistakes of fact and mistakes of law when an officer has initiated a traffic stop based on a mistaken belief. '[I]f an officer makes a traffic stop based on a mistake of law, the stop violates the Fourth Amendment.'" (quoting *United States v. Twilley*, 222 F.3d 1092, 1096 (9th Cir.2000))); *United States v. Chanthasouxat*, 342 F.3d 1271, 1279 (11th Cir.2003) (stating that an

officer's mistake of law cannot provide the objectively reasonable grounds required to show probable cause for a traffic stop, no matter how reasonable or understandable the officer's mistake may be). *But see United States v. Smart*, 393 F.3d 767, 770 (8th Cir. 2005) ("[I]n our circuit the distinction between mistake of law and mistake of fact is irrelevant to the fourth amendment inquiry."). This case does not present a mistake-of-law scenario, so we reserve our comments on that issue for a more appropriate case.

the gunfire); *State v. Jackson*, 315 N.W.2d 766, 767 (Iowa 1982) (holding as valid an officer's stop of a vehicle for failure to display license plates, even though the officer later learned the vehicle was displaying proper temporary plates); *see also State v. Ewoldt*, 448 N.W.2d 676, 678 (Iowa Ct.App.1989) ("Information sufficient to establish reasonable cause to stop is not defeated by an after-the-fact showing that the information was false.").

One of our past cases is directly on point. *See Jackson*, 315 N.W.2d at 767. In *Jackson* an officer stopped a car because it bore no permanent license plates. *Id.* Upon learning the reason for the stop, the driver immediately directed the officer's attention to a temporary registration plate properly displayed in the car's rear window. The driver could not, however, produce a valid driver's license and was subsequently charged with driving with a suspended license. *Id.*

At trial, the district court sustained the defendant's motion to suppress, finding that the officer lacked a reasonable and articulable suspicion to justify the stop. *Id.* We reversed that decision, noting that, had the facts been as the officer initially perceived them, the stop would have been proper. *Id.* We explained:

> When the [temporary] plates were pointed out to the officer there arose no requirement that he treat the defendant as if he had never seen him.... Notwithstanding the fact that a mistake concerning the license plates led to the defendant's stop there was nothing illegal about the fact that, once he was stopped and exonerated, he was asked to display his operator's license.

*Id.*

A similar fact pattern also arose in a recent eighth circuit case. *United States v. Flores–Sandoval*, 366 F.3d 961 (8th Cir. 2004). There, an officer stopped a car because he thought it had only one license plate, when it in fact had two. The court found that, despite the officer's mistake, his decision to stop the car was supported by probable cause:

> [The defendant's] sole argument on appeal is that Officer Lippold lacked probable cause to stop the car because the vehicle did in fact have both a front and rear license plate and was not in violation of California—or Nebraska—law. However, a mistake of fact does not automatically negate the validity of the stop. Officer Lippold was justified in making the stop if he had an objectively reasonable basis for believing that the vehicle was not in conformity with Nebraska's traffic laws. Thus, even if [the defendant's car] was not technically in violation of the Nebraska statute, if Officer Lippold reasonably believed that the vehicle violated the statute, the stop was valid.

*Id.* at 962 (citation omitted); *accord United States v. Smart*, 393 F.3d 767, 770 (8th Cir.2005). The court in *Flores–Sandoval* then considered the facts and determined that the officer's mistake was objectively reasonable. 366 F.3d at 963.

■ Turning to the facts of this case, we note that Deputy Pilch saw that Lloyd's car had no license plate on the rear bumper, a clear violation of Iowa Code section 321.37(1). Further, the deputy did not see the temporary plate. Had the facts been as Deputy Pilch believed them to be, he undoubtedly would have had probable cause to stop Lloyd's car. *See Aderholdt*, 545 N.W.2d at 563 (stating that a traffic violation gives an officer probable cause to stop a motorist).

The only remaining question is whether Deputy Pilch's mistake was an objectively reasonable one. We believe it was. It was dark at the time of the stop (2:20

a.m.), and it is certainly understandable how the deputy could have missed the temporary plate. We conclude that Deputy Pilch reasonably believed Lloyd was operating his car without license plates. His decision to stop Lloyd's car was justified and reasonable and therefore did not violate Lloyd's Fourth Amendment rights.

We have considered Lloyd's other claims and find them to be without merit.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**