# IN THE COURT OF APPEALS OF IOWA

No. 13-1840
Filed January 14, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KENNETH RAY WASHINGTON,**
      Defendant-Appellant.

---

Appeal from the Iowa District Court for Polk County, Odell McGee, District Associate Judge.

The defendant appeals his conviction for carrying a concealed weapon. **AFFIRMED.**

Chad W. Eichorn of Masterson, Bottenberg & Eichorn Law Firm, Waukee, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John Sarcone, County Attorney, and Joseph Crisp, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

The defendant appeals his conviction for carrying a concealed weapon; he claims the court erred in denying his motion to suppress evidence. On our de novo review, we agree with the district court's conclusion the evidence supports a finding the officer stopped the vehicle due to a malfunctioning brake light. We conclude the district court properly denied defendant's motion to suppress. We affirm his conviction for carrying a concealed weapon.

### I. Background Facts & Proceedings.

On March 31, 2013, while officer Craig Vasquez of the Des Moines Police Department was parked in the area of 10th Street and University Avenue, he observed the third brake light (located in the rear window) of a white 1997 Dodge Intrepid was not working. Officer Vasquez activated his lights and stopped the vehicle. When the officer walked up to the vehicle he noticed an odor of marijuana coming from it. The driver stated he had a gun and a valid permit to carry it. Another officer conducted a pat-down search of Kenneth Washington, who had been sitting in the right rear seat of the vehicle. A stun gun was found in Washington's back left pants pocket. Officers also found marijuana in the vehicle.

Washington was charged with carrying a concealed weapon and possession of a controlled substance (marijuana). He filed a motion to suppress, claiming there was not reasonable cause to stop the vehicle or to conduct a pat-down search. A suppression hearing was held on August 20, 2013. Officer Vasquez testified from his police report but did not have independent recollection

of some aspects of the events on March 31, 2013. The officer's dashboard camera activated after the traffic stop had been made and did not show the malfunctioning brake light. Washington's grandfather, George Shade Jr., testified the brake light was operational when he picked the vehicle up from the impound lot a few days after the traffic stop.

The district court denied the motion to suppress. The court found Officer Vasquez's credibility had not been attacked to such an extent he was no longer believable. The court stated:

> It's probable, or at least possible, that there was no third brake light working at the time of the stop. So from my perspective, there is sufficient probable cause for the stop based on the fact that the third light to some extent is a violation of the law or that he was involved in this community protection function.
> There's nothing to say that he couldn't have stopped to at least have told the driver the light was out. So the stop is, from all practical purposes, I would argue or would find that the stop was valid.

The court also found, based on the smell of marijuana and the fact the driver stated he had a gun, the officers could conduct a pat-down search of the passengers and search the interior of the vehicle.

Washington waived his right to a jury trial, and his case was tried to the court based on the minutes of evidence. The court found Washington guilty of carrying a concealed weapon, in violation of Iowa Code section 724.4(1) (2013). The State agreed to dismiss the charge of possession of a controlled substance (marijuana). Washington was given a suspended sentence and placed on probation for two years. Washington appeals, claiming the district court should have granted his motion to suppress.

## II. Standard of Review.

When a defendant challenges a search on federal and state constitutional grounds, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We conduct an independent evaluation of the totality of circumstances as shown by the entire record. *Id.* We give deference to the district court's factual findings based on the court's opportunity to observe the witnesses, but are not bound by such findings. *Id.*

## III. Motion to Suppress.

On appeal, Washington limits his argument to the issue of the initial stop of the vehicle. He claims the district court improperly found Officer Vasquez was a credible witness. Washington points out the officer's testimony was not corroborated by video evidence, the officer could not remember some details about the stop, and there was contradictory testimony the brake light was working. He asserts the State did not meet its burden to show the stop was proper under the Fourth Amendment.[1]

The Fourth Amendment protects against unreasonable searches and seizures. *State v. Lloyd*, 701 N.W.2d 678, 680 (Iowa 2005). "If evidence is obtained in violation of the Fourth Amendment, it is inadmissible regardless of its relevancy or probative value." *Id.* Generally, a search warrant is required prior to a search or seizure unless the circumstances come within an exception to the warrant requirement. *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010).

---

[1] Although Washington cites to article I, section 8 of the Iowa Constitution, he does not raise any separate arguments based on the Iowa Constitution, and therefore we will consider the case under Fourth Amendment principles. *See State v. Bruegger*, 773 N.W.2d 862, 883 (Iowa 2009).

"When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle." *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). A traffic violation also establishes reasonable suspicion for a stop. *Id.* A malfunctioning brake light is a traffic violation under section 321.387, which requires all lamps and lighting equipment on a vehicle to be kept in working condition.

On our de novo review, we agree with the district court's conclusion the evidence supports a finding Officer Vasquez stopped the vehicle due to a malfunctioning brake light. The officer's report, made at the time of the incident, noted the nonfunctioning third brake light and provides adequate support for the stop. We find the officer's credibility was not impugned because he could not independently remember certain aspects of the incident at the time of the suppression hearing, held more than four months after the stop. We also note Washington's grandfather, Shade, could not testify to whether the brake light was working at the time of the stop. At most, he could only testify it was working at some later point in time.

We conclude the district court properly denied Washington's motion to suppress. We affirm his conviction for carrying a concealed weapon.

**AFFIRMED.**