# IN THE COURT OF APPEALS OF IOWA

No. 14-1028
Filed February 25, 2015

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**SUN ESCHELL LENSGRAF,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

 Defendant appeals her conviction for operating a motor vehicle while barred. **AFFIRMED.**

 Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

 Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Alan Ostergren, County Attorney, and Oubonh White, Assistant County Attorney, for appellee.

 Considered by Doyle, P.J., McDonald, J., and Eisenhauer, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Defendant Sun Lensgraf appeals her conviction for operating a motor vehicle while barred. Lensgraf claims the officers did not have probable cause to stop her vehicle and therefore her motion to suppress any evidence discovered after the traffic stop should have been sustained. We determine there was probable cause to stop the vehicle on the ground the driver's side headlight was nonoperational or was not operating at a sufficient level to meet statutory requirements. We affirm Lensgraf's conviction.

**I. Background Facts & Proceedings.**

At about 10:30 p.m. on September 20, 2013, officers Minnat Patel and Haley Polito of the Muscatine Police Department were driving on patrol when they observed a vehicle approaching them that did not appear to have a driver's side functioning headlight. Officer Patel stated, "I saw what appeared to be a burned out or slightly illuminated driver's side headlight." Officer Polito stated, "As [the vehicle] approached, I noticed that the front driver's side headlight was burned out on the vehicle." When the officers stopped the vehicle, they discovered the driver, Lensgraf, had been barred from driving as a habitual offender. *See* Iowa Code § 321.556 (2013). She was charged with driving while barred, in violation of Iowa Code section 321.561, an aggravated misdemeanor.

Lensgraf filed a motion to suppress, claiming the officers did not have probable cause to stop her vehicle. She asserted the driver's side headlight was functioning. A hearing on the motion was held on January 24, 2014. A video from the officers' patrol car was submitted that showed some light coming from the driver's side headlight, although it was significantly less than the light coming

from the passenger's side headlight. Officer Patel testified the light apparently coming from the driver's side headlight may have been a reflection from the amber light next to it or a reflection from the headlights of the patrol car as it approached Lensgraf's vehicle. Officer Polito testified the driver's side headlight appeared to be illuminated in the video, "possibly due to the streetlights and our headlights and the other illuminated light on the vehicle."

The court denied the motion to suppress. The court determined the testimony of the officers was credible. The court stated,

> The Court finds that the driver's side headlamp was clearly dimmer than the passenger side. The Court finds there was probable cause to stop the motor vehicle for a violation of Iowa Code section 321.409. . . . Both Officers Patel and Polito testified that based on their observations the vehicle driven by the Defendant had one headlamp that was not working. Thus, based upon their observations they clearly believed that one of the headlamps was not emanating enough light to illuminate persons or vehicles at any distance.

The parties stipulated to a trial on the minutes of evidence. The court concluded Lensgraf was guilty of operating a motor vehicle while barred. She was sentenced to sixty days in jail and ordered to pay a fine. Lensgraf now appeals her conviction.

**II. Standard of Review.**

When a defendant challenges a search on constitutional grounds, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We conduct an independent evaluation of the totality of circumstances as shown by the entire record. *Id.* We give deference to the district court's factual findings based on the court's opportunity to observe the witnesses, but are not bound by such findings. *Id.*

**III. Merits.**

Lensgraf claims the officers did not have probable cause to stop her vehicle. She asserts the video shows the driver's side headlight was working. She contends there is not sufficient evidence to show the level of light from the driver's side headlight failed to meet the requirements of section 321.409. Lensgraf claims the fact her headlights emitted different levels of light was not sufficient to give the officers probable cause to stop the vehicle.

The Fourth Amendment protects against unreasonable searches and seizures. *State v. Lloyd*, 701 N.W.2d 678, 680 (Iowa 2005). "If evidence is obtained in violation of the Fourth Amendment, it is inadmissible regardless of its relevancy or probative value." *Id.* Generally, a search warrant is required prior to a search or seizure unless the circumstances come within an exception to the warrant requirement. *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010). "When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle." *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). A traffic violation also establishes reasonable suspicion for a stop. *Id.*

Under section 321.385, every motor vehicle is required to have at least two headlamps, "which headlamps shall comply with the requirements and limitations set forth in this chapter." Section 321.409(1) provides:

> Except as hereinafter provided, the headlamps . . . on motor vehicles . . . shall be so arranged that the driver may select at will between distributions of light projected to different elevations . . . subject to the following limitations:
> a. There shall be an uppermost distribution of light, or composite beam, so aimed and of sufficient intensity to reveal

persons and vehicles at a distance of at least three hundred fifty feet ahead for all conditions.

b. There shall be a lowermost distribution of light, or composite beam so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead.

The district court determined the driver's side headlight of Lensgraf's vehicle was not emitting sufficient light, "to reveal persons and vehicles at a distance of at least one hundred feet ahead." *See* Iowa Code § 321.409(1)(b). The court came to this conclusion by noting the officers' patrol car and Lensgraf's vehicle were traveling in opposite directions on the road, and so the distance between their vehicles was reduced to zero as they approached each other. The officers thus observed the vehicle at a distance of less than 100 feet. Both officers testified they stopped Lensgraf's vehicle because they believed the driver's side headlight was not operational.

On our de novo review, we agree with the district court's conclusions. The officers had the opportunity to observe Lensgraf's vehicle at a distance of less than 100 feet, and they both believed the driver's side headlight was not working. Under these facts, the court could properly conclude the headlight was not emitting light of "sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead." *See id.* We conclude the officers had probable cause to stop Lensgraf's vehicle for a violation of section 321.409.

We determine the court properly denied Lensgraf's motion to suppress. We affirm her conviction for driving while barred.

**AFFIRMED.**