# IN THE COURT OF APPEALS OF IOWA

No. 14-0833
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONALD TRAJWAN JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Thomas W. Mott (motion to suppress), Odell G. McGee (trial), and Carol Egly (sentencing), District Associate Judges.


        Defendant appeals his conviction for operating while intoxicated, second offense. **AFFIRMED.**


        Larry L. Ball Jr., Altoona, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John Sarcone, County Attorney, and Maurice Curry, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Doyle, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Defendant Donald Johnson appeals his conviction for operating while intoxicated (OWI), second offense. Johnson claims the stop of his vehicle was not justified because the officer came to the conclusion he was speeding without a supporting factual basis. We find the officer had specific and articulable facts to support his belief Johnson was speeding. We conclude the court properly denied Johnson's motion to suppress, and we affirm his conviction.

## I. Background Facts & Proceedings.

At about 2:00 a.m. on November 3, 2013, Officer Brian Cuppy of the Des Moines Police Department was on patrol driving westbound across the Walnut Street bridge when he observed a black Yukon traveling eastbound on Walnut Street. He stated as the vehicle passed him, "it's obvious he's going well above the speed limit," which was twenty-five miles per hour. Officer Cuppy made a U-turn and activated his lights. During the time it took him to complete this maneuver, the black Yukon had traveled two blocks and turned into a parking lot. Officer Cuppy had to accelerate rapidly to catch up to the vehicle.

When Officer Cuppy approached the driver, Johnson, he noticed signs of intoxication. Johnson stated he had been drinking alcohol. He failed field sobriety tests. Johnson was arrested and taken to the police station. A breath test showed his alcohol level was .119, over the legal limit of .08.

Johnson was charged with OWI, second offense, in violation of Iowa Code section 321J.2 (2013). Johnson filed a motion to suppress, claiming the officer did not have probable cause to stop his vehicle. At the suppression hearing

Officer Cuppy stated it would have taken a shorter amount of time for him to catch up to Johnson if Johnson had been driving the speed limit of twenty-five miles per hour. Officer Cuppy stated he was not equipped with radar on November 3, 2013. He stated he was not able pace the vehicle because of how quickly it turned into the parking lot. He did not give an estimate of the speed of the vehicle but stated he believed the vehicle was going well above the speed limit.

The district court denied the motion to suppress. The court found Officer Cuppy had probable cause to believe Johnson was speeding. The court concluded Officer Cuppy had not merely made a conclusion but had articulated his observations leading to his belief Johnson was speeding.

Johnson waived his right to a jury trial, and the case was tried to the court based upon the minutes of evidence. The court found Johnson guilty of OWI, second offense. He was sentenced to two years in prison, with all but ten days suspended, and placed on probation for two years. Johnson now appeals, claiming the court should have granted his motion to suppress.

## II. Standard of Review.

When a challenge to a ruling on a motion to suppress raises constitutional grounds, our review is de novo. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998). We conduct an independent evaluation of the totality of the circumstances as shown by the entire record. *Id.* We give deference to the court's factual findings based on the court's opportunity to observe the witnesses but are not bound by such findings. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

### III. Merits.

Johnson contends the stop of his vehicle was not justified under the Fourth Amendment to the United States Constitution and article 1, section 8 of the Iowa Constitution because the officer came to the conclusion he was speeding without a supporting factual basis. He asserts there is no evidence of his actual speed because the officer was not equipped with radar, he did not engage in a visual estimation of Johnson's speed, and the officer did not determine Johnson's speed by pacing his vehicle. He claims Officer Cuppy was unable to point to specific and articulable facts to warrant the stop.

The Fourth Amendment protects against unreasonable searches and seizures. *State v. Lloyd*, 701 N.W.2d 678, 680 (Iowa 2005). "If evidence is obtained in violation of the Fourth Amendment, it is inadmissible regardless of its relevancy or probative value." *Id.* Generally, a search warrant is required prior to a search or seizure unless the circumstances come within an exception to the warrant requirement. *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010). "When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle." *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). A traffic violation also establishes reasonable suspicion for a stop. *Id.*

A person who drives at an "excessive speed in violation of a speed limit commits a simple misdemeanor." Iowa Code § 321.285(7). An officer has probable cause to stop a vehicle the officer has observed to be speeding. *State v. Predka*, 555 N.W.2d 202, 206 (Iowa 1996). Reasonable suspicion to stop a

vehicle exists when an officer has specific and articulable facts, together with reasonable inferences from those facts, to reasonably believe criminal activity is occurring. *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015); *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004).

An officer may use several methods to determine whether a person is driving at an excessive speed. In *Predka*, 555 N.W.2d at 206, the officer "observed Predka speeding and corroborated it through radar." In *State v. Hicks*, 791 N.W.2d 89, 93 (Iowa 2010), an officer kept pace with the defendant's car as it went over the speed limit, which allowed for a reasonable inference the defendant was traveling in excess of the speed limit. In *State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987), an officer testified he was unable to get a steady pace from the defendant's vehicle, but the officer was traveling in excess of the speed limit and was "just keeping pace" with the defendant. The Iowa Supreme Court determined this testimony was sufficient to show the defendant had been traveling at an excessive speed. *Bedwell*, 417 N.W.2d at 70.

In the present case, Officer Cuppy, a member of the traffic unit, testified to his training and experience in visually estimating the speed of vehicles. He stated officers in the traffic unit were required to estimate the speed of twenty moving vehicles and in order to pass could only miss one vehicle by one mile per hour. He also testified he made a regular practice of estimating the speed of vehicles and then confirming his estimate with radar. Officer Cuppy testified in the time it took him to make a U-turn the vehicle had traveled two blocks and pulled into a parking lot. He stated he had to "accelerate rapidly" and drove

"pretty fast" to catch up to the vehicle. He testified he would not have had to drive as fast to catch up to the vehicle if it had been traveling at the speed limit of twenty-five miles per hour. Officer Cuppy testified the vehicle was traveling at a "high rate of speed," "well above the speed limit."

The district court found, "Cuppy possessed sufficient skill, experience, and information to estimate the black Yukon's speed at the time." The court stated, "Cuppy watched the Yukon travel at a speed that appeared well above 25 mph." The court concluded:

> The facts of this case distinguish it from the case of *State v. Petzoldt*, [No. 10-0861, 2011 WL 2556961 (Iowa Ct. App. June 29, 2011)], where the court reversed the denial of Petzoldt's motion to suppress evidence in an OWI case. The LeMars police based on investigatory stop on alleged speeding. In the early morning hours, Officer King parked his patrol car on a street off Central Avenue and played computer solitaire to break the monotony. Petzoldt drove by in a pickup which King thought was speeding. The video recorded from the patrol car cam did not show enough for the viewer to discern the speed. Officer King made no estimate of the speed, or of how much over the speed limit he thought defendant was driving. He stated that he, "reached his conclusion based upon 'years of experience looking at vehicles and speeds they are going,' something he did every day in his job as a thirty-one year veteran of the police force." *Petzoldt*, [2011 WL 2556961, at *3]. The court held that King testified merely to a conclusion, failing to articulate observations or facts that would lead to the conclusion. Relying merely on his experience as a police officer did not suffice as evidence or reasons for his belief Petzoldt's pickup was speeding.
> In this case, by contrast, peace officer Brian Cuppy articulated his observations leading to his belief defendant was speeding. He did not merely leap to a conclusion. He possessed probable cause to believe defendant was speeding, legitimately stopped defendant for speeding, and infringed none of defendant's rights to freedom from unreasonable search and seizure as he dealt with him and made observations leading to discovery of evidence relevant to the trial on an OWI charge.

In our de novo review, we agree with the court's conclusions. Officer Cuppy's belief Johnson was traveling in excess of the speed limit was not merely a conclusion. The officer's belief was based upon his specific training and experience in visually determining the speed of vehicles. The officer noted the vehicle traveled two blocks in the time it took him to make a U-turn, which supported his belief the vehicle was traveling in excess of twenty-five miles per hour. The officer also noted he needed to "accelerate rapidly" and drive "pretty fast" to catch up to the vehicle. Officer Cuppy testified it took him longer to catch up to the vehicle than it would have if the vehicle had been traveling at twenty-five miles per hour. We determine the officer had specific and articulable facts to support his belief Johnson was engaging in criminal activity by driving in excess of the speed limit.

We conclude the court properly denied Johnson's motion to suppress. We affirm his conviction for OWI, second offense.

**AFFIRMED.**

Doyle, J., concurs; Danilson, C.J., dissents.

**DANILSON, C.J.** (dissenting)

I respectfully dissent. I cannot conclude there were specific and articulable facts to support a reasonable suspicion to stop Johnson's vehicle on this record. Although the officer may have had the experience and training to estimate the speed of Johnson's vehicle, I can only surmise the meaning of the officer's testimony that Johnson's vehicle was traveling "well above" the speed limit. Does "well above" to this officer mean five miles per hour over the speed limit, or even twenty or thirty miles per hour over the speed limit? Even if the officer has little time to give an accurate estimate, there has to be some illumination upon the conclusory statement of "well above" the speed limit. Without some ballpark estimate of speed, it is nearly impossible to judge the weight to be afforded to the balance of the officer's testimony.

Moreover, the weight to be afforded to this officer's testimony is hindered by the fact that no citation was issued for speeding, the very basis alleged for the stop. In fact, unless the individual admits to the speed traveled, this officer apparently does not ever issue a speeding citation where the motorist is stopped upon the officer's estimate of speed.

The record made to support a stop premised upon an officer's estimate of speed needs to include facts, not conclusory statements—facts that can be weighed against the balance of the testimony, or in other words, a record "well above" the record shown here. I would reverse.