# IN THE COURT OF APPEALS OF IOWA

No. 18-0052
Filed February 6, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RUSSELL GENTRY JR.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

Defendant appeals his convictions for possession of a controlled substance with intent to deliver, failure to affix a drug tax stamp, and driving while barred. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Russell Gentry Jr. appeals his convictions for possession of a controlled substance with intent to deliver, failure to affix a drug tax stamp, and driving while barred. We conclude an officer's observations, both by visual estimation and pacing, support a rational inference Gentry was exceeding the speed limit, providing the officer probable cause to stop the vehicle. We affirm the district court's decision denying Gentry's motion to suppress.

### I.    Background Facts & Proceedings

On June 2, 2017, at about 2:00 a.m., Officer Jacob Fogt of the Marshalltown Police Department was on patrol when he noticed a red Toyota Camry in a moderate-to-high crime area. He decided to follow the vehicle, which was the only one on the road at the time. The car made several turns. Officer Fogt stated, "[I]t seemed like they were just attempting to get away from me with all of the unnecessary turns."

On North Fourth Avenue, Officer Fogt estimated the Camry was traveling at thirty miles per hour in a twenty-five miles per hour zone. He attempted to determine the speed of the vehicle by keeping a consistent distance behind it, and saw his speedometer and GPS system both showed he was going thirty-three miles per hour. He checked the speed of the Camry in this manner for approximately three to five seconds.

Officer Fogt stopped the Camry for speeding. The driver of the vehicle was Gentry.[1] Officer Fogt determined Gentry was barred from driving as a habitual

---

[1] Gentry initially told Officer Fogt his name was David Smith and gave a false Social Security number.

offender. When Gentry got out of the vehicle at Officer Fogt's request, Gentry ran away. He was swiftly apprehended by officers. Gentry had a small baggie containing a white powdery substance in his right front pocket. Also, officers found a larger bag containing a white powdery substance on the ground where Gentry was apprehended. The substance in the bags was later determined to be 36.55 grams of cocaine. Additionally, Gentry had $680 in cash and two cell phones.

Gentry was charged with possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2017), a class "C" felony; failure to affix a drug tax stamp, in violation of section 453B.12, a class "D" felony; and driving while barred, in violation of section 321.561, an aggravated misdemeanor.

Gentry filed a motion to suppress, claiming the stop of his vehicle was unconstitutional. At the suppression hearing, Officer Fogt testified he had training on making visual observations of vehicle speeds but no official training on pacing vehicles to determine speed. The district court denied the motion to suppress, finding:

> Officer Fogt testified to the speed limit, 25 miles per hour; he testified to his own visual estimate of the speed, 30 miles per hour; and he testified to the estimate he made as he followed the Camry, 33 miles per hour. The court is not willing to characterize what Officer Fogt did as "pacing" the Camry, but he was in a position to estimate the Camry's speed in relation to his own.
>
> Officer Fogt's observations while following the Camry on North Fourth Avenue may not have been sufficient to prove speeding at 33 miles per hour in a 25 miles-per hour zone, but they were sufficient to give him probable cause to believe the Camry was exceeding the 25 miles per hour speed limit. Even a speed of 26 miles per hour would constitute speeding.

The court concluded, "Officer Fogt's estimate of the defendant's speed of being in excess of the posted speed was entirely reasonable and provided him with probable cause to support the traffic stop for speeding."

Gentry waived his right to a jury trial and the case was tried to the court based on the minutes of evidence. The district court found Gentry guilty of the charges against him. He was sentenced to a term of imprisonment not to exceed ten years on the charge of possession with intent to deliver, five years on the charge of failure to affix a drug tax stamp, and two years on the charge of driving while barred, all to be served concurrently. Gentry appeals his convictions, claiming the court should have granted his motion to suppress.

## II.      Standard of Review

When a challenge to a ruling on a motion to suppress raises constitutional grounds, our review is de novo. *State v. Breuer,* 577 N.W.2d 41, 44 (Iowa 1998). We conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* We give deference to the court's factual findings based on the court's opportunity to observe the witnesses but are not bound by such findings. *State v. Pals,* 805 N.W.2d 767, 771 (Iowa 2011).

## III.      Motion to Suppress

Gentry claims the district court should have granted his motion to dismiss because Officer Fogt lacked reasonable suspicion or probable cause for the traffic stop. He states a reasonable person would not have believed he was speeding. Gentry claims Officer's Fogt's visual estimation and pacing is not sufficiently reliable to show he was exceeding the speed limit. He points out Officer Fogt had not received any training in pacing vehicles.

The Fourth Amendment protects against unreasonable searches and seizures. *State v. Lloyd,* 701 N.W.2d 678, 680 (Iowa 2005). "If evidence is obtained in violation of the Fourth Amendment, it is inadmissible regardless of its relevancy or probative value." *Id.* Generally, a search warrant is required prior to a search or seizure unless the circumstances come within an exception to the warrant requirement. *State v. Louwrens,* 792 N.W.2d 649, 651 (Iowa 2010).

"The State has the burden to prove by a preponderance of the evidence that the officer had probable cause to stop the vehicle." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* The observation of any type of traffic offense by an officer "establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015).

An officer has probable cause to stop a vehicle which is exceeding the speed limit. *See State v. Predka*, 555 N.W.2d 202, 206 (Iowa 1996). One method for determining the speed of a vehicle is pacing. *See State v. Hicks*, 791 N.W.2d 89, 93 (Iowa 2010) ("Sparks's pacing and the GPS speed allows for a rational inference that Hicks was traveling in excess of the twenty-five miles-per-hour speed limit."); *State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987) (finding officer's testimony he "was just keeping pace" with defendant was sufficient to show defendant was exceeding sixty-five miles per hour in a thirty-five miles per hour zone).

Additionally, an officer may determine a vehicle's speed by a visual estimate. *See State v. Barker*, No. 16-0686, 2017 WL 1735680, at *3 (Iowa Ct.

App. May 3, 2017) ("An officer's visual observations, whether as to speed or some other activity that would support a finding of probable cause or reasonable suspicion, may be sufficient to meet the preponderance-of-evidence requirement."); *State v. Jerde*, No. 00-0605, 2001 WL 854856, at *2 (Iowa Ct. App. July 31, 2001) (finding there was sufficient evidence of speeding based on officer's visual estimate as well as the officer's speed when following the defendant). In considering an officer's visual estimation of speed, a court may "make a case-specific inquiry into the officer's training and experience, the nature and extent of the opportunity which the officer had to view the moving vehicle, and the magnitude of the variance between the estimated speed and the speed limit." *State v. Konvalinka*, No. 11-0777, 2012 WL 1860352, at *6 (Iowa Ct. App. May 23, 2012).

Officer Fogt testified he visually estimated Gentry's vehicle was traveling at thirty miles per hour. He stated he had been trained to make visual observations of vehicle speeds and he had passed the proficiency testing earlier that year. Officer Fogt testified his visual estimations were "pretty accurate." In addition to his visual estimation of Gentry's speed, Officer Fogt paced the Camry, making sure his speed and the distance between the vehicles remained the same. By this method, his speedometer and GPS system showed he was traveling at thirty-three miles per hour. The speedometer and GPS were separate, independent systems.

We conclude Officer Fogt's observations, both by visual estimation and pacing, support a rational inference Gentry was exceeding the speed limit and this gave the officer probable cause to stop the vehicle. We affirm the district court's decision denying Gentry's motion to suppress.

**AFFIRMED.**