# IN THE COURT OF APPEALS OF IOWA

No. 18-1956
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIEO EQUANNE TILLMAN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler (motion to suppress) and Joel A. Dalrymple (trial and sentencing), Judges.

        Defendant appeals his conviction for possession of marijuana with intent to deliver.  **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Darieo Tillman appeals his conviction for possession of marijuana with intent to deliver. We affirm the district court's decision finding the officer's actions after stopping the pickup in which Tillman was a passenger were objectively reasonable and denying the motion to suppress. We determine Tillman's claim of ineffective assistance of counsel should be preserved for possible postconviction proceedings. We vacate the restitution portion of the sentencing order and remand the case to the district court.

## I.      Background Facts & Proceedings

Shortly after midnight on May 21, 2017, Officer Keaton Northrup of the Waterloo Police Department was on patrol when he observed an approaching green Chevrolet pickup that did not have a front license plate. Officer Northrup turned around and came up behind the pickup and did not see a rear license plate. He turned on his emergency lights and stopped the pickup. The pickup stopped in a driveway, and Officer Northrup stopped in the street so his vehicle was perpendicular to the pickup. The pickup had a temporary dealer's license in the rear window.

As Officer Northrup was getting out of his car, the passenger in the pickup, later identified as Tillman, got out of the pickup. Officer Northrup instructed Tillman to get back into the pickup. Tillman attempted to leave again and Officer Northrup told him to sit down. Officer Northrup approached the passenger window, where he saw Tillman "digging around in between the center console and the passenger seat." Tillman then pushed Officer Northrup out of the way and fled with the officer in pursuit. Officer Northrup saw Tillman throw something as he ran. Following a

foot chase, Tillman was apprehended and placed in handcuffs. Officers found a baggie of marijuana and a digital scale in the area where Tillman threw something. As Tillman was being placed into a patrol car, an officer asked, "So what's going on?" and Tillman stated, "Weed, man."

Tillman was charged with possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2017). He filed a motion to suppress, claiming the officer should have immediately seen the temporary dealer's license and ended the encounter. Officer Northrup testified that after he stopped the pickup his attention was primarily drawn to the passenger because he tried to exit the vehicle twice. He stated he did not see the temporary dealer's license until he returned from chasing Tillman.

The district court denied the motion to suppress. The court said:

> The court finds that it was 14 minutes past midnight and dark and that it was objectively reasonable that the officer under the circumstances, especially given that defendant attempted not once, but twice to leave the scene, that the officer could easily have missed what was there to be seen. Further, when defendant attempted to leave, that provided additional justification for the stopping of defendant.
> The court finds that the stopping, although [it] was in error, was nonetheless objectively reasonable under the circumstances.

A jury found Tillman guilty of possession of marijuana with intent to deliver. Tillman filed a motion for new trial. The court found the jury's verdict was not contrary to the weight of the evidence and denied the motion. Tillman was sentenced to a term of imprisonment not to exceed ten years. He was ordered to pay court costs, a $125 Law Enforcement Initiative surcharge, and a $10 DARE

surcharge.[1] The court determined Tillman did not have the reasonable financial ability to pay any amount toward his trial or appellate attorney fees. Tillman now appeals.

## II. Motion to Suppress

Tillman claims the district court erred by denying his motion to suppress. He asserts the officer should have seen the temporary license in the back window of the pickup and realized there was no valid reason for the stop. He states the officer should not have continued with the traffic stop. Tillman claims his rights under the Fourth Amendment to the United States Constitution and Article I, section 8 of the Iowa Constitution were violated. We review de novo a district court's ruling on a motion to suppress based on constitutional grounds. *State v. Salcedo*, 935 N.W.2d 572, 577 (Iowa 2019).

A factual situation similar to that in the present case is found in *State v. Lloyd*, 701 N.W.2d 678, 681 (Iowa 2005), where the officer stopping a vehicle did not see the temporary license plate taped to the car's rear window. The Iowa Supreme Court stated, "The only remaining question is whether [the officer's] mistake was an objectively reasonable one." *Lloyd*, 701 N.W.2d at 681. The court found the officer's factual mistake was objectively reasonable, noting the stop was made at 2:20 a.m., when it was dark. *Id.* at 681–82. The court concluded the officer's "decision to stop Lloyd's car was justified and reasonable and therefore did not violate Lloyd's Fourth Amendment rights." *Id.* at 682. Based on *Lloyd*, the

---

[1] The court suspended a $750 fine for the offense.

officer could reasonably stop the green Chevrolet pickup to determine whether the vehicle had a valid license plate. *See id.*

Tillman contends the officer improperly prolonged the stop by failing to immediately determine the vehicle had a temporary license plate. He relies upon *State v. Coleman*, 890 N.W.2d 284, 285 (Iowa 2017), where an officer stopped a vehicle because the registered owner of the vehicle, a female, had a suspended driver's license. On approaching the vehicle, the officer saw the driver was male. *Coleman*, 890 N.W.2d at 285. Although the reason for the stop was resolved, as the driver was not the person the officer suspected of driving without a license, the officer asked the driver for his driver's license, registration, and insurance. *Id.* The Iowa Supreme Court determined an officer may not extend a traffic stop when the underlying reason for the stop was satisfied. *Id.* at 300. The court noted there may a different result based on specific claims related to officer safety. *Id.* at 301. The court concluded the defendant's motion to suppress should have been granted. *Id.*

The State asserts Officer Northrup had legitimate concerns about his safety that required him to interact with Tillman prior to investigating whether the vehicle had a temporary license. "Traffic stops are 'especially fraught with danger to police officers,' so an officer may need to take certain negligibly burdensome precautions in order to complete his mission safely." *Rodriguez v. United States*, 575 U.S. 348, 356 (2015) (citation omitted). The Iowa Supreme Court stated, "the courts have repeatedly rejected generalized, unsubstantiated claims related to officer safety as a basis for extending a traffic stop." *Coleman*, 890 N.W.2d at 301.

At the suppression hearing, Officer Northrup testified, "As I exited my patrol vehicle, the front passenger opened the passenger door and attempted to walk away." Officer Northrup told the passenger, Tillman, to get back into the vehicle. Tillman "then tried to exit the vehicle again, and [the officer] instructed him to close the door and sit down." Officer Northrup called to request assistance from another officer. He stated his attention was drawn to Tillman due to concerns of officer safety and he was not concerned about the temporary license at that time. Officer Northrup approached the passenger side of the vehicle and saw Tillman "digging around between the seat and center console." Tillman engaged in a brief struggle with Officer Northrup and then ran.

This case does not involve a "generalized, unsubstantiated claim[ ] related to officer safety as a basis for extending a traffic stop." *See id.* Tillman was out of the pickup by the time the officer stopped his vehicle. After Officer Northrup told Tillman to return to the pickup, Tillman got out again. Tillman's unwillingness to listen to the officer's directives and failure to remain in the pickup increased the risk of danger to the officer. *See State v. Finch*, No. 02-1148, 2003 WL 22828750, at *4 (Iowa Ct. App. Nov. 26, 2003) ("[W]hen a passenger immediately exits a lawfully stopped vehicle an officer may instruct the passenger to return to the vehicle. The public interest in officer safety outweighs the potential minimal intrusion on a passenger's liberty interest in such a situation."). After the vehicle was stopped, it was objectively reasonable for the officer's attention to be directed to Tillman, rather than an investigation of whether the vehicle had a temporary license.

We affirm the district court's decision finding the officer's actions were objectively reasonable and denying the motion to suppress.

### III.    Ineffective Assistance

Tillman claims he received ineffective assistance because defense counsel did not seek to suppress his statement, "Weed, man," in response to an officer's question, "So what's going on?"   Tillman asserts the statement should be suppressed because he was not informed of his *Miranda* rights prior to the officer's question.   Tillman states he was in custody at the time because he was in handcuffs and was being taken to a patrol car.

We conduct a de novo review of claims of ineffective assistance of counsel.[2] *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).   To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial.   *Id.*   A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance.   *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

"Statements made by a suspect during a custodial interrogation are inadmissible unless a suspect is specifically warned of his or her *Miranda* rights

---

[2] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings."  *See* 2019 Iowa Acts ch. 140, § 31.  In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019.  *Id.*

and freely decides to forgo those rights." *State v. Ortiz*, 766 N.W.2d 244, 251 (Iowa 2009). "In determining whether a suspect is 'in custody' at a particular time, we examine the extent of the restraints placed on the suspect during the interrogation in light of whether 'a reasonable man in the suspect's position would have understood his situation' to be one of custody." *Id.* (citation omitted). The use of handcuffs is a restriction of a person's freedom and is an indication a person is in custody. *State v. Deases*, 518 N.W.2d 784, 789–90 (Iowa 1994).

The State does not dispute Tillman's claim he was in custody at the time he made the statement. The State asserts there is no evidence in the record on the issue of whether Tillman was informed of his *Miranda* rights prior to making the statement. Because the issue was not raised in the motion to suppress, the officers who interacted with Tillman at the time he made the statement were not questioned about whether they informed Tillman of his *Miranda* rights.

In general, claims of ineffective assistance of counsel are preserved for postconviction proceedings. *State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019). A claim of ineffective assistance may be decided on direct appeal only if the record is adequate. *State v. Haas*, 903 N.W.2d 699, 703 (Iowa 2019). By preserving an issue of ineffective assistance, the parties can develop an adequate record and defense counsel will have an opportunity to respond to the claim. *Id.*

The present record does not adequately address whether Tillman was informed of his *Miranda* rights. Although the State claims the evidence was not prejudicial, it was used as an admission to show the marijuana and scale found on the ground belonged to Tillman and that he knew the substance was marijuana.

We determine Tillman's claim of ineffective assistance of counsel should be preserved for possible postconviction proceedings.

### IV. Restitution

Tillman contends he was improperly ordered to pay restitution when the court did not make a determination of his reasonable ability to pay. Specifically, Tillman asserts that he was ordered to pay a DARE surcharge of $10.00, a Law Enforcement Initiative Surcharge of $125.00, and court costs without an inquiry into his reasonable ability to pay.

Under section 910.2(1), restitution for fines, penalties, and surcharges is payable "regardless of the offender's reasonable ability to pay." *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). The Law Enforcement Initiative surcharge of $125 and the DARE surcharge of $10 are not subject to a determination of whether Tillman had the reasonable ability to pay. *See id.* The district court did not err in imposing the surcharges.

A defendant is responsible to pay court costs, including correctional fees, and court-appointed attorney fees "to the extent that the offender is reasonably able to pay." Iowa Code § 910.2(1). The court waived Tillman's obligation to make restitution for court-appointed attorney fees. Tillman was ordered to pay court costs. The record does not reflect that the amount of court costs was known at the time of the sentencing, and no determination of the reasonable ability to pay was made with respect to court costs.

"A plan of restitution is not complete until the court issues the final restitution order." *Albright*, 925 N.W.2d at 160. The Iowa Supreme Court stated:

> Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay. Restitution orders entered by the court prior to the final order are not appealable as final orders or enforceable against the offender. The reason for these orders being nonappealable or enforceable is that the final order of restitution must take into account the offender's reasonable ability to pay.

*Id.* at 160–61 (citations omitted).

It is unclear from the record whether the district court intended the sentencing order to be considered the "final restitution order." If so, a reasonable ability to pay determination was not made with respect to payment of court costs by Tillman. Accordingly, we vacate the restitution portion of the sentencing order and remand the case to the district court for entry of a final restitution order in accordance with *Albright.* *See id.* at 162–63.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**