## IN THE COURT OF APPEALS OF IOWA

No. 21-0399
Filed June 15, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**DANIEL LEE DIERKS,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Tama County, Ian K. Thornhill (Motion to Suppress), Sean W. McPartland (Verdict), and Kevin McKeever (Judgment and Sentence), Judges.

Daniel Dierks appeals his conviction for operating while intoxicated, first offense. **AFFIRMED.**

R.A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

Shortly after 5:00 p.m. on December 26, 2019, Deputy Neil Frizzell with the Tama County Sheriff's Office responded to a single-car ("car-deer") accident. The accident occurred less than one-half mile outside Traer along a two-lane highway where the speed limit was fifty-five miles per hour. Deputy Frizzell stopped his marked patrol vehicle along the right shoulder behind the car-deer vehicle and activated his rear flashing red and blue lights. Deputy Frizzell acknowledged he parked "very close to the shoulder line" but "completely on the shoulder." When Deputy Frizzell exited his patrol vehicle on the driver's side, another vehicle approaching from behind narrowly missed hitting him. Deputy Frizzell later testified the vehicle "came within a foot of hitting me." The deputy reentered his patrol vehicle to pursue and stop the other vehicle.

After stopping the vehicle, Deputy Frizzell noticed the driver—identified as Daniel Dierks—had bloodshot, watery eyes; an odor of alcohol was coming from the vehicle; and beer cans were visible in the center console and passenger seat. Dierks failed or was unable to complete field sobriety testing, and Deputy Frizzell arrested him for operating while intoxicated.

Dierks filed a motion to suppress evidence from the stop, arguing Deputy Frizzell lacked probable cause to initiate the traffic stop. The district court denied the motion to suppress. After a trial on the minutes, the court found Dierks guilty of operating while intoxicated, first offense. Dierks appeals the denial of his motion to suppress and resulting conviction, asserting Deputy Frizzell lacked probable cause or reasonable suspicion to stop his vehicle in violation of the United States and Iowa constitutions.

We review the denial of a motion to suppress on constitutional grounds de novo. *In re Pardee*, 872 N.W.2d 384, 390 (Iowa 2015). We place weight on the fact findings of the district court, but we are not bound by those findings. *Id.*

A law enforcement officer may lawfully stop a vehicle under the United States and Iowa Constitutions if the officer has probable cause or reasonable suspicion of criminal activity. *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). Because Dierks argued a probable-cause standard before the district court, we will analyze the facts under the same standard. "[W]hen a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* at 293. "Probable cause may exist even if the officer's perception of the traffic violation was inaccurate. The existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable police officer.'" *Id.* at 293–94 (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "[T]he State bears the burden of proving by a preponderance of the evidence that the officer had probable cause to stop the motorist." *Id.* at 293.

The State argues Deputy Frizzell had probable cause to believe Dierks violated Iowa Code section 321.323A(1) (2019) when the deputy witnessed Dierks almost strike him after exiting his patrol vehicle. *See United States v. Luna*, 368 F.3d 876, 878 (8th Cir. 2004) (finding an Iowa State trooper, who was conducting another traffic stop, had probable cause to stop the defendant for a violation of section 321.323A(1) after the defendant's vehicle "fail[ed] to slow down or to move into the open passing lane when it passed the trooper's vehicle"). Under section 321.323A(1):

The operator of a motor vehicle approaching a stationary authorized emergency vehicle that is displaying flashing lights, as permitted under section 321.423, shall approach the authorized emergency vehicle with due caution and shall proceed in one of the following manners, absent any other direction by a peace officer:

a. Make a lane change into a lane not adjacent to the authorized emergency vehicle if possible in the existing safety and traffic conditions.

b. If a lane change under paragraph "a" would be impossible, prohibited by law, or unsafe, reduce the speed of the motor vehicle to a reasonable and proper speed for the existing road and traffic conditions, which speed shall be less than the posted speed limit, and be prepared to stop.

Deputy Frizzell testified his marked patrol vehicle was displaying its rear flashing lights. Because the dash-camera in the deputy's car is directed in a forward position, it does not capture the exact position of the passing vehicles when parallel to the deputy's driver's side door. It does however capture the position of vehicles just as they parallel the front of the deputy's vehicle. The deputy testified, and the video shows, that one vehicle passed the deputy seconds before Dierks, and this first vehicle slowed down considerably and moved very close to the centerline of the road. The deputy further testified he believed Dierks was not pulled over as far to the left—toward the centerline—and was driving near the fifty-five mile per hour speed limit as he passed the deputy. While the video is inconclusive on some points due to its position, it clearly depicts Dierks driving noticeably faster than the first vehicle and farther right of the centerline. On our de novo review, we agree with the State this evidence establishes probable cause for the deputy to believe he had just witnessed Dierks violate section 321.323A(1), thus justifying the resulting traffic stop.

Dierks also argues Deputy Frizzell committed mistakes of both fact and law in stopping him. A traffic stop may be justified despite a mistake of fact if the

mistake was "objectively reasonable." *Tyler*, 830 N.W.2d at 294 (quoting *State v. Lloyd*, 701 N.W.2d 678, 681 (Iowa 2005)). Dierks asserts the deputy mistakenly perceived the situation because, at the time Dierks passed the deputy, he could not legally or safely move over and he was driving near the speed limit and possibly slowing. Dierks also repeatedly accuses Deputy Frizzell of conduct such as "blithely wad[ing] into highway traffic," apparently asserting the deputy contributed to or outright caused the narrow miss. As stated above, Deputy Frizzell testified Dierks narrowly missed him, and the video confirms Dierks was near the center of his lane and driving much faster than the prior passing vehicle when he passed the deputy.[1] The driver of the car-deer vehicle corroborated that the deputy was nearly hit by Dierks's vehicle. But even if Deputy Frizzell committed a mistake of fact and Dierks did not have an opportunity to move over or slow down before passing, the deputy's mistake was objectively reasonable.

Dierks also argues Deputy Frizzell was agitated by the narrow miss, which the deputy acknowledged may have partly motivated him to stop Dierks. However, "[t]he legality of the stop does not depend on the actual motivations of the officer involved in the stop." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). The officer's subjective motivations are relevant in evaluating the officer's credibility. *State v. Brown*, 930 N.W.2d 840, 849–50 (Iowa 2019) ("The more evidence that a detention was motivated by police suspicions unrelated to the traffic offense, the less credible the officer's assertion that the traffic offense occurred." (quoting *State*

---

[1] Deputy Frizzell's dash-camera video shows the deputy returned to talk to the occupants of the car-deer vehicle after arresting Dierks. The deputy tells the other driver Dierks "almost hit me," and the other driver responds, "yeah, we saw."

*v. Lopez*, 873 P.2d 1127, 1138–39 (Utah 1994))). Even considering the deputy's agitation, we again find any mistake of fact to be objectively reasonable.

Finally, Dierks asserts Deputy Frizzell committed a mistake of law, thereby lacking probable cause to justify the stop. *See Tyler*, 830 N.W.2d at 294. Dierks points to the deputy's comments during the hearing that Dierks should have stopped rather than pass the deputy. Dierks correctly notes section 321.323A(1) does not require all motorists to stop for flashing emergency lights, but it does require motorists to approach "with due caution" and "be prepared to stop." The deputy's misstatement on cross-examination does not undermine his determination of probable cause for stopping Dierks, based on his observations that Dierks had driven too fast and too close to the deputy's law enforcement vehicle that was illuminated by flashing rear lights. The deputy's testimony was clear that Dierks did not follow the statutory requirement of approaching an emergency vehicle "with due caution" and slowing down "to a reasonable and proper speed." *See* Iowa Code § 321.323A(1). Therefore the deputy's full description of the situation and general knowledge of a driver's responsibilities convince us there was no mistake of law that would undermine the probable cause to stop Dierks's vehicle.

Deputy Frizzell had probable cause to believe Dierks committed a traffic violation when Dierks narrowly missed striking the deputy as he passed. Therefore, we affirm the district court.

**AFFIRMED.**