# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1006
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jamal Brandon Smith,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 22, 2024
Filed: May 13, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

COLLOTON, Chief Judge.

A grand jury charged Jamal Smith with firearm and drug offenses after a traffic stop. Smith moved to suppress evidence on the ground that the initial stop was unreasonable under the Fourth Amendment. The district court[*] denied Smith's

_____

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

motion to suppress evidence, and Smith then entered a conditional guilty plea, reserving his right to appeal the denial of his motion. Smith appeals, and we affirm.

On a sunny summer evening in 2022, Deputy Sheriff Cole Tweten pulled over a vehicle driven by Smith. Tweten suspected that the vehicle's windows were tinted in excess of the legal limit. On approaching the car, the officer smelled marijuana coming from the vehicle. Tweten summoned Smith to sit in the deputy's patrol car, and Smith eventually admitted that there was marijuana in his car.

Deputy Tweten returned to Smith's vehicle to test the window tint. Iowa law requires at least 70% light transmittance. *See* Iowa Code § 321.438(2); Iowa Admin. Code r. 761-450.7(1), (2). Tweten's tint reader registered 75-76% light transmittance on the driver's side window. Another deputy, Walderbach, tested the same window later and registered 72-73% light transmittance. In view of the testing, Tweten did not issue Smith a traffic citation for excessively tinted windows.

Tweten then searched Smith's vehicle based on probable cause to believe that marijuana was inside. He found a firearm equipped with a magazine, ammunition, and a switch device to convert the firearm to fire automatically. Tweten also found marijuana, cannabis edible crumbs, psilocybin mushrooms, small plastic bags, and a scale.

A grand jury charged Smith with possession of a controlled substance with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a machinegun. *See* 21 U.S.C. § 841(a)(1), (b)(1)(D); 18 U.S.C. §§ 924(c)(1)(A), 922(o), 924(a)(2). Smith moved to suppress the evidence seized during the traffic stop on the ground that Tweten lacked reasonable suspicion to make the traffic stop. The district court ruled that Tweten's mistaken belief that Smith's windows were excessively tinted was objectively reasonable, and that the deputy had reasonable suspicion to stop the vehicle.

-2-

Smith entered a conditional guilty plea to the two firearm charges and reserved his right to appeal the denial of his motion to suppress. The court sentenced him to seventy-eight months' imprisonment with five years of supervised release. On appeal, we review the district court's factual findings for clear error and the denial of a motion to suppress *de novo*.

A traffic stop is a seizure that must be supported by at least reasonable suspicion of an offense, and Smith argues that Tweten lacked reasonable suspicion. Reasonable suspicion exists when an officer is aware of particularized, objective facts that reasonably warrant a belief that a driver has committed a traffic violation. "[S]earches and seizures based on mistakes of fact can be reasonable." *Heien v. North Carolina*, 574 U.S. 54, 61 (2014). Where an officer conducts a traffic stop based on a mistake of fact, the seizure does not violate the Fourth Amendment if the officer reasonably believed that he observed a violation. *United States v. Flores-Sandoval*, 366 F.3d 961, 962 (8th Cir. 2004).

Smith asserts that Deputy Tweten seized him unreasonably because Smith's car windows were not illegally tinted, and Tweten lacked a reasonable basis to believe that Smith was violating Iowa law. We conclude, however, that Tweten's mistaken belief about excessively tinted windows was objectively reasonable. Tweten testified that he observed a driver in the vehicle and could "[p]otentially" see the driver's arms or hands, but could not make out any other part of the driver. Tweten had recent experience investigating other vehicle windows that were confirmed as excessively tinted. He believed based on observation that Smith's windows were comparable. When Tweten and Walderbach later tested the windows, they measured just slightly above the cutoff for required light transmittance under Iowa law.

Although Tweten's suspicion was dispelled by the testing, the information available to him at the time of stop made his mistaken belief about excessive tinting objectively reasonable. Smith counters with body camera footage and photographs of the car windows, but these images confirm that the windows have an apparent tint

of some degree, and they were produced from a location that was closer to the vehicle than was Tweten's position on the roadway. Given Tweten's vantage point and observations, his experience investigating other excessively tinted windows, and the fact that Smith's tinted windows were close to the legal limit, there was reasonable suspicion to justify a traffic stop to investigate further.

The district court properly denied Smith's motion to suppress evidence. The judgment of the district court is affirmed.

_____